Singh v. Rosen
BIA
Wright, IJ
A206 097 530

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand twenty-one.

PRESENT:
> JOSÉ A. CABRANES,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

BALJIT SINGH,
> *Petitioner,*

> v.                                                    18-3794
>                                                       NAC

JEFFREY A. ROSEN, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Jeffrey A. Rosen is substituted for former Attorney General William P. Barr.

FOR PETITIONER:            Richard W. Chen, Esq., New York, NY.

FOR RESPONDENT:            Jeffrey Bossert Clark, Acting Assistant Attorney General; Daniel E. Goldman , Senior Litigation Counsel; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Baljit Singh, a native and citizen of India, seeks review of a November 29, 2018 decision of the BIA, affirming an October 12, 2017 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Baljit Singh,* No. A 206 097 530 (B.I.A. Nov. 29, 2018), *aff'g* No. A 206 097 530 (Immigr. Ct. N.Y.C. Oct. 12, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review

are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

3

The agency reasonably relied on Singh's inconsistent account of whether he could recognize his attackers and his failure to mention at his interview that one of two attacks resulted in a five-day hospitalization. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 297 (2d Cir. 2006) (credibility finding supported by substantial evidence where material inconsistencies "reach[ed] to the heart of the claim" of persecution). When considered cumulatively, and in light of the deference afforded to the fact-finder when there are "two permissible views of the evidence," these findings constitute substantial evidence for the adverse credibility determination. *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) (internal quotation marks omitted). Singh's explanations that he could recognize his attackers because their masks fell off during the attack and that he did not mention that fact in his interview or application because nobody asked him do not compel a contrary conclusion. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled*

4

to credit his testimony." (internal quotation marks omitted)). Although an applicant is not required to provide every detail in his initial statements, the omission of a five-day hospitalization was significant, particularly where the interviewer asked Singh both what happened and what he did after the first attack. *See Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose.").

Because these findings relate to how Singh knew who his attackers were and call into question the severity of the first attack, they provide substantial evidence for the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye*, 446 F.3d at 297. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court